## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| B.J.P.,<br><br>      Plaintiff,<br>  v.<br><br>The South Carolina Dept. of Corrections (SCDC), by and through its Director, Bryan P. Stirling; SCDC Director Bryan P. Stirling; SCDC Dep. Dir. Dennis Patterson; SCDC Asst. Dir. Joel Anderson; Warden Levern Cohen, Ridgeland Correctional Institution; Assoc. Warden Consonya Washington, Ridgeland Correctional Institution; Assoc. Warden Aubray Bailey, Ridgeland Correctional Institution; and Major John Wiggins, Ridgeland Correctional Institution,<br><br>      Defendant. | Case No. 1:22-cv-2840-RMG<br><br>**ORDER AND OPINION** |

      This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), recommending the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's claims for failure to exhaust administrative remedies. (Dkt. No. 82). Plaintiff filed objections to the R & R. (Dkt. No. 86). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

    **I.  Background**

      Plaintiff, a state inmate proceeding pro se, brings this case pursuant to 42 U.S.C. § 1983 alleging his Eighth and Fourteenth Amendment rights were violated because correctional officers failed to protect him from an inmate-on-inmate stabbing incident. (Dkt. No. 19 at 4-5).

      Defendants moved for summary judgment arguing, in part, that Plaintiff failed to exhaust his administrative remedies. (Dkt. Nos. 58 and 61). Defendants submitted evidence that the stabbing incident took place on August 31, 2021 and that Plaintiff's grievance forms were filed

on June 13, 2022 and on August 21, 2022. (Dkt. Nos. 58-11, 58-5, 58-6). Defendants also submitted an affidavit from South Carolina Department of Corrections Coordinator, Felecia McKie, that states Plaintiff's June 13, 2022 grievance was denied as exceeding the time frame and that Plaintiff's August 21, 2022 grievance was denied because medical was waiting for Plaintiff to return hemoccult cards. (Dkt. No. 58-7 at 4-5). Ms. McKie also declared that Plaintiff did not appeal either determination. (*Id.*).

Plaintiff did not file an opposition to Defendants' motions, but did file a motion to reopen discovery, motion to amend/correct his complaint, and a motion for extension of time for discovery, and a motion to defer summary judgment. (Dkt. No. 74, 75, and 79). In his amended complaint, Plaintiff alleges that he filed an untimely grievance because he was in the hospital and in critical condition and then in the infirmary unit after the stabbing incident. (Dkt. No. 75-1 at 12-13). In his motion for extension of time for discovery, Plaintiff states he seeks discovery, in part, to show the Court that he was hospitalized and held in the infirmary unit following the stabbing, which prevented him from timely filing his grievance. (Dkt. No. 79-1 at 2).

Magistrate Judge then issued an R & R, recommending the Court grant Defendants motion and dismiss Plaintiff's claims for failure to exhaust administrative remedies. (Dkt. No. 82). Plaintiff filed objections to the R & R. (Dkt. No. 86). The matter is now ripe for the Court's review.

## II. Standard
### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### I. Discussion

Section 1997e(a) provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. *Porter*, 534 U.S. at 524.

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the [PLRA], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that Plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs.,*

*Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *see also Ross v. Blake*, 136 S. Ct. 1850 (2018).

SCDC has implemented a system for inmates to pursue complaints regarding disciplinary hearing appeals, classification appeals, departmental policies and procedures, directives, and conditions of confinement. (Dkt. No. 61-8 at 01.12). Prior to initiating the formal grievance process, the inmate must attempt to resolve the issue by submitting a Request to Staff Member ("RTSM") to the appropriate supervisor or staff member within eight working days of the incident, except where informal resolution is not appropriate or possible or where the individual is appealing a disciplinary conviction or a custody reduction decision. (*Id.* at 13.2).

If informal resolution is not possible, the inmate should file Form 10-5, which initiates a step 1 grievance, within five working days of the alleged incident. (*Id.*)

If the step 1 grievance is processed, the warden will respond within 45 days to the inmate in writing in the space provided on SCDC Form 10-5 with the reason for the decision. (*Id.* at 13.5). The Inmate Grievance Coordinator ("IGC") will serve a copy of the warden's response on the inmate within 10 calendar days, and the inmate will be informed of his right to appeal. (*Id.*)

To appeal the warden's decision, the inmate must initiate a step 2 grievance by completing SCDC Form 10-5a and forward it to the IGC within five calendar days of having received the warden's response to the step 1 grievance. (*Id.* at 13.7). The IGC will then forward the step 2 grievance, a copy of the step 1 grievance, and all necessary documentation to the Inmate Grievance Branch within five calendar days. (*Id.*) The responsible official is required to

respond to the step 2 grievance within 90 days of the date the IGC received it, and the IGC must serve a copy of the response on the inmate within 10 working days. (*Id.*)

The response to the step 2 grievance is considered SCDC's final response. (*Id.*) However, the inmate may pursue an additional appeal to the Administrative Law Court within 30 days. (*Id.* at 13.9.)

Here, the stabbing incident took place on August 31, 2022. Plaintiff filed two step 1 grievances related to that incident on June 13, 2022 and on August 21, 2022. Plaintiff's June 13, 2022 grievance was denied as exceeding the time frame, and Plaintiff's August 21, 2022 grievance was denied because medical was waiting for Plaintiff to return hemoccult cards. Plaintiff did not appeal to step 2.

Based on the record in the case, the Magistrate Judge found that there was no indication that Plaintiff did not timely file his grievance because he was prevented by Defendants or that the grievance process was otherwise unavailable to him for almost a year after the stabbing incident. Based on that finding, the Magistrate Judge concluded that Defendants' motions for summary judgment for failure to exhaust administrative remedies should be granted.

Plaintiff objects to the R & R by arguing that the grievance process was not available to Plaintiff because (1) he was hospitalized, (2) he is illiterate and no staff member assisted him in filing a grievance, and (3) he was prevented from utilizing the grievance process through intimidation by prison officials and other inmates. Plaintiff argues that because of these reasons he was not able to timely file his grievance.

The Court overrules Plaintiff's objection that administrative remedies were unavailable to him because of his hospitalization. Administrative remedies are deemed unavailable when "(1) an inmate's untimely filing of a grievance is because of a physical injury, and (2) the

6

grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." *Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003), *overruled by implication on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). "Once the inmate is no longer inhibited by his injury, he must file a grievance and be denied before the remedies will be deemed unavailable." *Jenkins v. Fed. Bureau of Prisons*, No. CA 3:10-1968-CMC-JRM, 2011 WL 4482074, at *5 (D.S.C. Sept. 26, 2011). Courts, however, do not excuse an unreasonable delay in filing the grievance after the inmate is no longer inhibited. *See Snyder v. Dunlop*, No. CV 9:19-0194-MGL-BM, 2020 WL 1159154, at *3 ("Plaintiff has offered no plausible argument for why he did not simply pursue a grievance with respect to this incident after he was released from the infirmary."); *Benfield v. Rushton*, No. C/A 8:06 2609 JFA BH, 2007 WL 30287, at *4 (D.S.C. Jan. 4, 2007) (finding attempts to excuse a failure to pursue exhaustion of administrative remedies based on hospitalization were to "no avail" because the plaintiff "did not even attempt to institute the grievance process once he was released from the hospital and was transferred to Lieber [Correctional Institute]"); *Hanhn v. Armstrong*, 407 Fed.Appx. 77, 77 (8th Cir. 2011) ("Finally this court has not recognized exceptions to the PLRA's exhaustion requirement for delay due to medical treatment or poor legal advice. Even were we to recognize these exceptions, they would not excuse the four year delay in this case.") Here, Plaintiff was hospitalized 17 days and filed his grievance almost 9 months after his hospitalization. Plaintiff does not argue that his hospitalization or physical injury forced him to wait 9 months to file a grievance. Accordingly, the Court does not excuse Plaintiff's 9-month delay in this case and overrules his objections based on his hospitalization.

The Court also overrules Plaintiff's illiteracy objection. Earlier in this case, Plaintiff filed a motion to appoint counsel, arguing that the Court should appoint him counsel because he "is an

illiterate inmate with severe mental illness." (Dkt. No. 3). The Court granted that motion and appointed Jonathan Lewis as Plaintiff's counsel. (Dkt. No. 15). After filing an amended complaint on behalf of Plaintiff, Plaintiff's counsel filed a motion to withdraw as Plaintiff's attorney, representing to the Court that "new facts have arisen which seem to show that the Plaintiff is able to read and write at a functional level, and that the grounds cited by the Plaintiff for appointment have been or are resolved." (Dkt. No. 39). Attached to that motion was an affidavit of Plaintiff's counsel that declared Plaintiff informed counsel that Plaintiff does read and write. (Dkt. No. 39-1 at 3). The affidavit further states that Plaintiff informed the lawyer that he is "legally illiterate" meaning that he does not understand the legal process. (*Id.*) Based on this evidence, Plaintiff has not shown that his alleged illiteracy or metal illness interfered with his comprehension of completion of the SCDC grievance process. Accordingly, this objection is overruled.

The Court overrules Plaintiff's objection that the administrative process was unavailable to him because of intimidation. Plaintiff argues that after his hospitalization he was forced to live around the same individuals responsible for his stabbing in Ridgeland Correctional Institution. Plaintiff argues that he feared retaliation by fellow inmates and intimidation by prison officials that prevented him from utilizing the grievance process. Plaintiff was transferred to Lieber Correctional Institution on March 22, 2022. *https://public.doc.state.sc.us/scdc-public/* last visited March 19, 2024) (inmate search showing transfers). Like Plaintiff's hospitalization objection, this argument fails because Plaintiff does not account for the three-month delay in filing his grievance after he moved to a different institution.

Plaintiff's objections focus on how he was allegedly kept from timely filing his initial grievance, but he does not address his failure to appeal to step 2. An inmate's failure to properly

8

take each step within the administrative process bars suit under § 1983. *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (upholding dismissal of an inmate's complaint because the inmate failed to proceed beyond the first step in the administrative grievance process). Accordingly, the Court overrules Plaintiff's objections because even if the Court finds that Plaintiff should be excused for untimely filing his step 1 grievance, Plaintiff still failed to exhaust his administrative remedies because he did not administratively appeal the denial of his grievances. Plaintiff has failed to present any evidence or argument that SCDC prevented him from pursuing a grievance appeal. Accordingly, the Court finds that there is no material dispute as to whether Plaintiff appealed the denial of his grievances, and therefore holds that Plaintiff did not exhaust administrative remedies.

Plaintiff also argues that the grievance process operated as a dead end and was unavailable to him because his grievance was not processed as a crime or as an emergency grievance as he requested. Neither objection addresses Plaintiff's failure to exhaust the SCDC administrative process. Plaintiff has not shown or argued that an inmate fully exhausts his administrative remedies by merely filing an emergency grievance or by filing a grievance alleging criminal activity. To the contrary, SCDC's Inmate Grievance System still has an appeals process for those types of claims. (Dkt. No. 68-1 at 14.4 and 15.1). And Plaintiff never completed the appeals process. Accordingly, those objections are overruled.

Plaintiff also objects to the R & R because the Magistrate Judge failed to address the merits of Plaintiff's motion to reopen discovery, motion for extension of time for discovery, and motion to defer summary judgment. Plaintiff argues that SCDC is in possession of evidence that could show Plaintiff was unable to timely file a grievance because of his hospitalization physical condition following the stabbing. Plaintiff argues that this evidence would rebut the Magistrate

9

Judge's finding that the grievance process was available to Plaintiff. Summary judgment is premature when outstanding discovery requests on material issues exist. *Goodman v. Diggs*, 986 F.3d 493 (4th Cir. 2021). None of the requested discovery here would excuse Plaintiff from failing to appeal to step 2. And as discussed above, Plaintiff's failure to appeal to step 2 of the grievance process bars his claims in this court. Therefore, there are no outstanding discovery requests that preclude granting summary judgment. Accordingly, the Court overrules Plaintiff's objection.

## II. Conclusion

For the reasons above, the Court **ADOPTS** the R & R (Dkt. No. 82) as the Order of the Court and **GRANTS** Defendants' motions for summary judgment (Dkt. Nos. 58 and 61). Plaintiff's claims are dismissed without prejudice.

s/Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

March 19, 2024
Charleston, South Carolina